UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STELLA M. SIOMKOS,

              Plaintiff,

-against-

HON. LISA G. BECKERMAN; ALBERT TOGUT; TOGUT, SEGAL & SEGAL LLP; JOHN/JANE DOES 1-10,

              Defendants.

25-CV-4103 (DEH)

ORDER OF DISMISSAL

DALE E. HO, United States District Judge:

    Plaintiff, who appears *pro se*, filed this action asserting claims under 42 U.S.C. § 1983, seeking damages and injunctive relief.[1] She sues Hon. Lisa G. Beckerman, United States Bankruptcy Judge for the Southern District of New York, in her official and individual capacities; Albert Togut, the court-appointed Chapter 7 Trustee in Plaintiff's bankruptcy case ("Togut" or "Trustee"), in his official and individual capacities; Togut, Segal & Segal LLP, the law firm through which Togut conducted his activities ("Togut Segal," and together with Togut, the "Trustee Defendants"); and John/Jane Does 1-10, individuals or entities whose identities are not currently known (the "John Does"). Plaintiff alleges that "Defendants acted under color of federal authority to deprive Plaintiff of liberty and property in violation of the First, Fifth, and Fourteenth Amendments." Complaint at 11, ECF No. 1. For the reasons set forth below, the Court dismisses this action.

---

[1] Plaintiff has paid the fees to bring this action.

**STANDARD OF REVIEW**

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the fees to bring an action, if it determines that the action is frivolous, *see Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000), or that the Court lacks subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).[2] The Court may also dismiss an action for failure to state a claim, "so long as the plaintiff is given notice and an opportunity to be heard." *Wachtler v. Cnty. of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis in original).

**BACKGROUND**

The Court assumes the parties' familiarity with the facts alleged in the Complaint and assumes the truth of Plaintiff's well-pleaded allegations. Plaintiff is a 71-year-old licensed real estate professional and resident of New York. She has owned her condominium, which she purchased for all cash, since 2008. Complaint at 9 ¶ 1.

In early 2024, Plaintiff retained attorney Karamvir Dahiya to dispute a predatory balloon loan and was assured "that a bankruptcy filing would be used only as a legal tool to challenge the loan and that 'it would never go through.'" *Id.* ¶ 2. On April 11, 2024, Dahiya filed a Chapter 11 bankruptcy petition on Plaintiff's behalf without her informed consent. *Id.* ¶ 3. She did not understand that this was a binding bankruptcy filing. *Id.* ¶ 4. Plaintiff signed some documents,

---

[2] All references to Rules are to the Federal Rules of Civil Procedure. In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

but she was not advised of the legal consequences of the petition, and she never agreed to enter either Chapter 11 or Chapter 7 bankruptcy proceedings. *Id.* ¶ 5. In July 2024, Dahiya was suspected from the practice of law in New York. *Id.* ¶ 6. Dahiya introduced Plaintiff to attorney Paul Hollender, who "began filing documents that Plaintiff never authorized." *Id.* ¶ 7.

On July 30, 2024, Hollender submitted a plan stating that Plaintiff intended to sell her home—a statement that Plaintiff alleges is false. *Id.* ¶ 8. On October 9, 2024, Plaintiff filed a motion to recuse Judge Beckerman and requested a stay to obtain new counsel. *Id.* at 10 ¶ 12. Plaintiff alleges that these motions were "completely ignored." *Id.* Plaintiff retained a new law firm, to which she paid a $3000 retainer, but the firm was allegedly "unable to proceed due to the hostile and chaotic state of the docket." *Id.* ¶ 13.

Plaintiff alleges that she signed a document under duress on October 23, 2024, relating to the sale of her home. *Id.* ¶ 9. The following day, Judge Beckerman entered an order converting the Chapter 11 bankruptcy case to Chapter 7 and appointed Albert Togut, of Togut, Segal & Segal LLP, as the Chapter 7 Trustee. *Id.* ¶¶ 10, 14. Judge Beckerman stated on the record that "If someone does not obey court orders, there are consequences." *Id.* ¶ 10. Plaintiff appealed that order to this Court; the appeal remains pending. *See* No. 24 Civ. 8361.

After the conversion order, the Trustee "began filing repeated motions for possession of Plaintiff's home," submitted an allegedly false creditor matrix, and attempted to block Plaintiff from filing further motions. *Id.* ¶¶ 14-16. The Trustee also allegedly misrepresented himself as a "U.S. Trustee" even though he was "operating as a private professional through his LLC." *Id.* ¶ 17. Plaintiff was subjected to "procedural flooding" due to the "filings submitted by the Trustee and the court." *Id.* ¶ 18.

Between September 26, 2024, and April 22, 2025, Plaintiff appeared at four hearings in which she alleges that Judge Beckerman demonstrated a "pattern of bias, sarcasm, and suppression"—on September 26, 2024; October 23, 2024; March 25, 2025; and April 22, 2025. *Id.* ¶ 19. On May 9, 2025, Judge Beckerman issued an order authorizing the U.S Marshals to remove Plaintiff from her home. *Id.* ¶ 20. The order was served on May 14, 2025. *Id.* The order required the Trustee to provide Plaintiff 30 days' notice before changing the locks and seeking to remove Plaintiff from the apartment. *Id.* at 67.

Because Plaintiff's apartment was to be partially rented for income at over $5,000 per month, the order has caused Plaintiff financial harm. *Id.* at 10 ¶ 21. The threat of eviction and loss of her only home has also caused Plaintiff to suffer emotional distress. *Id.* ¶ 23. On May 13, Plaintiff filed motions for an emergency conference and stay of the May 9 order in the Bankruptcy Court. *See* ECF Nos. 152-153, Case No. 24-10619 (S.D.N.Y. Bankr.).[3] Judge Beckerman held a hearing and denied Plaintiff's stay motion on May 20, 2025. *See* ECF Nos. 168, 170, No. 24-10619. That same day, Plaintiff filed a similar motion for emergency relief in this Court. *See* ECF Nos. 25-26, Case No. 24 Civ. 8361 (S.D.N.Y.). The motion before this Court is not yet fully briefed and remains pending. *See* ECF No. 27, No. 24 Civ. 8361

On May 15, 2025, Plaintiff filed this action, seeking damages and injunctive relief under Section 1983. The case was assigned at the undersigned as related to the bankruptcy appeal, No. 24 Civ. 8361.

---

[3] The Court takes judicial notice of the case dockets for the bankruptcy proceedings and the bankruptcy appeal.

## DISCUSSION

A.    **Section 1983 Claims Against Judge Beckerman**

The Court must dismiss Plaintiff's claims under Section 1983 against Judge Beckerman under the doctrine of judicial immunity. Under this doctrine, judges are absolutely immune from civil suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). "[E]ven allegations of bad faith or malice cannot overcome judicial immunity." *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009). This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation" and would lose their independence. *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). Absolute judicial immunity also bars Plaintiff's claims for injunctive relief against Judge Beckerman. Section 1983, as amended in 1996, provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.[4] "Declaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order," *Kelly v. New York*, No. 19 Civ. 2063, 2020 WL 7042764, at *9 (E.D.N.Y. Nov. 30, 2020), which Plaintiff has already done in the related case, *see* No. 24 Civ. 8361.

There are only two sets of circumstances in which judicial immunity does not apply: (1) when a judge takes action that is outside the judge's judicial capacity, or (2) when a judge takes action, that, although judicial in nature, is in the absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12. Generally, "acts arising out of, or related to, individual cases before the judge are

---

[4] Because Judge Beckerman is a federal, not state, judicial officer, Plaintiff also fails to state a claim against her under Section 1983, which applies to actions or omissions taken under color of *state* law. 42 U.S.C. § 1983.

considered judicial in nature." *Bliven*, 579 F.3d at 210. "[T]he scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Although Plaintiff states that Judge Beckerman "exceeded the scope of judicial immunity by acting in the clear absence of jurisdiction," *see* Complaint at 8, Plaintiff pleads no facts suggesting that Judge Beckerman lacked jurisdiction over her bankruptcy case.

Plaintiff's claims under Section 1983 against Judge Beckerman arise from her actions while presiding over Plaintiff's bankruptcy case. Accordingly, the Court dismisses these claims under the doctrine of judicial immunity and as frivolous. *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) (claims dismissed because of judicial immunity are frivolous for the purpose of the *in forma pauperis* ("IFP") statute); *Koger v. Richardson*, No. 19-CV-9053, 2019 WL 5080008, at *2 (S.D.N.Y. Oct. 10, 2019) (dismissing as frivolous, under the doctrine of judicial immunity, claims under Section 1983 against judges in a fee-paid civil action), *aff'd*, 858 F. App'x 425 (2d Cir. 2021) (summary order).

**B.    Section 1983 Claims Against the Trustee Defendants**

Plaintiff's claims against the Trustee Defendants must be dismissed under the *Barton* doctrine. In *Barton v. Barbour*, 104 U.S. 126, 136-37 (1881), the Supreme Court established that a plaintiff must request leave of the bankruptcy court before filing an action in another court against a bankruptcy trustee for actions taken pursuant to their official duties. *See In re Lehal Realty Assocs.*, 101 F.3d 272, 276 (2d Cir. 1996); *Vass v. Conron Bros. Co.*, 59 F.2d 969, 971 (2d Cir. 1932) (L. Hand, J.). The *Barton* doctrine has been applied to suits against both bankruptcy trustees and their retained law firms. *See McDaniel v. Blust*, 668 F.3d 153, 156-58 (4th Cir. 2012). The doctrine "is jurisdictional in nature, and failure to seek leave of the [trustee's] appointing court bars exercise of subject matter jurisdiction over any third-party suit." *McIntire v. China MediaExpress Holdings, Inc.*, 113 F. Supp. 3d 769, 774 (S.D.N.Y. 2015); *see*

6

*also Muratore v. Darr*, 375 F.3d 140, 143 (1st Cir. 2004) (affirming district court's dismissal for lack of subject matter jurisdiction in action brought against trustee because petitioner failed to obtain leave from the bankruptcy court).

Plaintiff does not allege that she requested or obtained leave of the Bankruptcy Court before filing this action.  Although there is a statutory exception to the *Barton* doctrine for actions by a trustee while "carrying on business" connected with the property, 28 U.S.C. § 959(a), that exception "does not apply where, as here, a trustee acting in his official capacity conducts no business connected with the property other than to perform administrative tasks necessarily incident to the consolidation, preservation, and liquidation of assets in the debtor's estate."  *In re Lehal Realty*, 101 F.3d at 276.  Here, Plaintiff alleges no business activities by the Trustee Defendants.  Accordingly, the Court must dismiss the claims against the Trustee Defendants for lack of subject-matter jurisdiction.

C.     **Section 1983 Claims Against the John Does**

The Court must further dismiss Plaintiff's claims under Section 1983 against the John Doe Defendants because they are private actors.  A claim for relief under Section 1983 must allege facts showing that the defendants acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983.  Thus, to state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, i.e., a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988); *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) ("State action [for the purpose of Section 1983 liability] requires *both* . . . the exercise of some right or privilege created by the State . . . *and* the involvement of a person who may fairly be said to be a state actor.").

Private individuals and other entities are not generally considered to be state actors. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties . . . ." (quotation marks and citations omitted)).  Plaintiff does not allege that any of the John Does are state actors.  Absent special circumstances suggesting concerted action between an attorney and a state representative, see *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970), a private attorney's or a private legal aid organization's legal representation does not constitute state action for the purpose of stating a claim under Section 1983 against that attorney or organization, regardless of whether that attorney or organization is privately retained, court-appointed, or is a public defender.  *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 318-19 (1981), and *Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997)); *Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000); *see also Shorter v. Rice*, No. 12 Civ. 111, 2012 WL 1340088, at *4 (E.D.N.Y. Apr. 10, 2012) ("[I]t is axiomatic that neither public defenders, such as Legal Aid attorneys, nor court-appointed counsel, nor private attorneys, act under the color of state law merely by virtue of their position.").  Plaintiff alleges no such special circumstances here.

D.     **Claims Under State Law**

A district court may decline to exercise supplemental jurisdiction over claims under state law when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).  Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the claims under federal law over which the Court has original jurisdiction, the

8

Court declines to exercise its supplemental jurisdiction over any claims under state law that Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**E.     Leave to Amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's claims against Judge Beckerman cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her Complaint as to Judge Beckerman. *See Jackson v. Pfau*, 523 F. App'x 736, 737 (2d Cir. 2013) (summary order) (affirming denial of leave to amend, where district court sua sponte dismissed defendants based on judicial immunity, both because plaintiff's claims were substantive under the IPF statute and because amendment would be futile); *Reiss v. Baron*, No. 1:22 Civ. 0908, 2022 WL 624420, at *2 (S.D.N.Y. Mar. 3, 2022) (denying leave to amend where court dismissed claims brought by fee-paid *pro se* plaintiff based on judicial immunity); *Dixon v. Raymat*, No. 22 Civ. 10910, 2023 WL 2917309, at *5 (S.D.N.Y. Apr. 11, 2023) (same, in IFP case).

The Court grants leave to amend as to the Trustee Defendants and the John Does. Leave to amend is granted as to the Trustee Defendants if Plaintiff can demonstrate that the Bankruptcy Court granted leave to file this action. As for the John Does, before finally dismissing an action for failure to state a claim, the Court must provide a plaintiff with "notice and an opportunity to be heard." *Wachtler*, 35 F.3d 77, 82 (2d Cir. 1994). A grant of leave to amend constitutes such

notice and an opportunity to be heard. *Osuagwu v. Home Point Fin. Corp.*, No. 22-1403, 2023 WL 3335315, at *1 (2d Cir. May 10, 2023).

## CONCLUSION

The Court dismisses this action. The Court dismisses Plaintiff's claims against Judge Beckerman under 42 U.S.C. § 1983 under the doctrine of judicial immunity and as frivolous. The Court dismisses Plaintiff's claims against the Trustee Defendants for lack of subject-matter jurisdiction under the *Barton* doctrine. Finally, the Court dismisses Plaintiff's claims against the John Does under 42 U.S.C. § 1983 for failure to state a claim. The Court declines to consider, under its supplemental jurisdiction, any claims the Complaint may be construed as asserting under state law. *See* 28 U.S.C. § 1367(c)(3).

Plaintiff may file an amended complaint by **June 23, 2025.** Plaintiff may not re-plead her claims against Judge Beckerman. She may re-plead her claims against Albert Togut and Togut, Segal & Segal LLP only if she can show that she has been granted leave to file this action by the Bankruptcy Court. She may re-plead her claims against the John Does if she can state a claim under a cause of action other than Section 1983, or if she can plead facts showing that the John Does are state actors.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: May 22, 2025
New York, New York

　　　　　　　　　　　　　　　　　　　　　　　　　　　／s／ Dale E. Ho
　　　　　　　　　　　　　　　　　　　　　　　　　　　DALE E. HO
　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge